## CARMICHAEL v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. May 20, 1926.)

No. 3652.

**Automobiles ⬡⟶355.**

Conviction of defendant for transporting stolen automobile in interstate commerce *held* not sustained by the evidence.

In Error to the District Court of the United States for the Eastern District of Illinois.

Criminal prosecution by the United States against Charles Carmichael. Judgment of conviction, and defendant brings error. Reversed.

D. E. Keefe, of Marion, Ill., for plaintiff in error.

W. O. Potter, of East St. Louis, Ill., for defendant in error.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. Plaintiff in error, called defendant, was convicted on the charge that he did transport and cause to be transported in interstate commerce a Ford car, knowing the same to have been stolen. Defendant was also charged with two like offenses. The government nollied as to one, and the jury acquitted as to the other.

As to the Ford car, the only evidence is that it was stolen in St. Louis, Mo., January 3, 1922, and was afterwards used to some extent by defendant in East St. Louis, Ill., and then traded to a dealer in that city in January or February, 1922, but not earlier than January 22d. Defendant accounted for his possession by testifying that he bought it under a bill of sale at Illinois and Tenth streets, East St. Louis, and that he delivered the bill of sale to the government's investigator, Lynch. He is corroborated by one witness as to the fact that he was looking at such a car at Illinois and Tenth streets in January, 1922. On demand at the trial, the government denied knowledge of the bill of sale, and Lynch, though twice placed on the stand, did not deny receiving it.

We are of opinion that there is not shown any such unexplained possession of recently stolen property as would raise a presumption that defendant had stolen the Ford, and it necessarily follows that there is in the record neither evidence nor presumption of the felonious transportation charged. In urging that defendant waived his motion for an instructed verdict, because he took evidence after the motion was made at the close of the government's case, counsel inadvertently overlooked a like motion, denial thereof, and exception, at the close of all the evidence. The motion for instructed verdict should have been allowed.

Reversed.